# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14-cv-10-FDW

| | |
|---|---|
| CHARLIE H. SIMMONS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| FNU GUINN, FNU PRESSLEX, FNU JOHNSON, FNU WADE, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina and he was confined in the Alexander Correctional Institution within this district at the time he filed his § 1983 complaint. Plaintiff states that he received a surgical procedure to address a hernia while housed at Central Prison. Plaintiff was prescribed pain medication following the surgery and was removed from the medication upon his return to Alexander Correctional by Defendant Guinn, whom Plaintiff identifies as "Medical Staff." Plaintiff began to experience further pain and placed a sick call and he was seen by Defendant Guinn who then placed him on Tylenol®. Plaintiff apparently consumed the medication but it was not meeting his level of acceptable pain care. In his claim for relief, Plaintiff seeks a million dollars in damages for pain and suffering and the costs of this action.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff contends that he is not being provided adequate medical care and that he is suffering pain as a result. Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, the plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored detainee's serious need for medical care." Young v. Rainer, 238 F.3d 567, 575-76 (2001) (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997)). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990),

4

abrogated on other grounds by <u>Farmer v. Brennan</u>, 511 U.S. 825, 840 (1994) (holding that deliberate indifference standard not met with a showing of constructive knowledge).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle</u>, 429 U.S. at 106; <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.") (citing <u>Estelle, supra</u> at 105-06). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety . . ." <u>Farmer</u>, 511 U.S. at 837; <u>Johnsonv. Quinones</u>, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." <u>Stokes v. Hurdle</u>, 393 F. Supp. 757, 762 (D. Md.1975), <u>aff'd</u>, 535 F.2d 1250 (4th Cir. 1976).

The constitutional right is to medical care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a constitutional claim. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice.") (internal citation omitted).

5

Plaintiff's allegations regarding medical indifference, even liberally construed, must fail as they allege medical malpractice, claims of negligence or simply express disagreement with his course of treatment.[1] The allegations in his complaint and in his motion to amend his complaint, demonstrate that Plaintiff had been prescribed Tylenol® to address his post-surgical pain and this medical treatment appears to be the recommended course of treatment by the medical providers in Plaintiff's correctional institution. Moreover, the allegations presented make clear that Plaintiff is utilizing the sick-call procedure and is being evaluated and treated by medical personnel although he expresses disagreement with the course of treatment.

"[S]ociety does not expect that prisoners will have unqualified access to health care;" thus to implicate the protections of the Eighth Amendment, the deliberate indifference must be sufficiently serious. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Put another way, the Constitution does not mandate comfortable prisons . . .'" Farmer, 511 U.S. at 832 (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). "[B]ut neither does it permit inhumane ones." Id. However, based on the foregoing, the Court finds that the Plaintiff has, at best, stated a cause of action for medical negligence or difference of opinion and this claim will therefore be dismissed for failure to state a constitutional violation.

## IV.    CONCLUSION

For the reasons stated herein, this civil action will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

---

[1] The Court notes that the allegations regarding medical treatment appear to pertain only to Defendant Guinn. The remaining defendants are identified as sick call nurses and merely make the referral for evaluation to Defendant Guinn. For this reason, the Court finds that Plaintiff has failed to allege any particular facts against Defendants Presslex, Johnson or Wade, and they will be dismissed from this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint is **GRANTED.** (Doc. No. 6).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 25, 2014

Frank D. Whitney
Chief United States District Judge